ISHEE, J.,
dissenting:
¶ 10. With respect to the majority’s opinion, I must dissent. To reiterate, the chancery court denied Powell’s request to change Carsyn’s surname on the basis that Powell “waived his right to have the child’s surname changed to his surname” based on his signature on the name-verification form. The name-verification form states, with emphasis added:
The name given a child on the Certification of Live Birth establishes the legal identity of that child, and as such[,] attention to the spelling of the name must be exercised. Traditionally, the [c]hild’s last name is the same as the {father's last name as listed on the Certificate of Live Birth, or, in cases where the mother is not married at any time from conception through birth and there is no “Acknowledgment of Patemityl]" ... the [cjhild’s last name is the legal last name of the mother at the time of the birth. However, parents are not required to follow tradition and may name the child any name of their choosing.
The name-verification form then lists the child’s name with Crawley as the surname instead of Powell.
¶ 11. The paternity form lists Powell as Carsyn’s father and states:
Rights and Responsibilities:
Execution of this acknowledgment of paternity shall result in the same legal effect as if the father and mother had been married at the time of the birth of this child.... Once the sixty (60) day time frame expires, execution of this acknowledgment of paternity shall result in the same legal effect as if the father and mother had been married at the time of the birth of this child.
¶ 12. In determining that Powell waived his right to have Carsyn’s surname *868 changed to his own surname, the chancery court cited Rice v. Merkich, 34 So.Bd 555 (Miss.2010), as support for its decision. Rice involved a child born to an unwed mother who failed to inform the father of the child’s birth. Id. at 558 (¶ 10). Accordingly, the child’s father was not given an opportunity to sign a paternity form. Id. The supreme court referenced Mississippi Code Annotated section 41-57-23(2) (Rev.2012) of the Vital Statistics Chapter, which provides:
If a child is born to a mother who was not married at the time of conception or birth, or at any time between conception and birth, and the natural father acknowledges paternity, the name of the father shall be added to the birth certificate if a notarized affidavit by both parents acknowledging paternity is received on the form prescribed or as provided in [Mississippi Code Annotated] [s]ection 93-9-9 [ (Supp.2012) ]. The surname of the child shall be that of the father except that an affidavit filed at birth by both listed mother and father may alter this rule.
(Emphasis added). Ultimately, the supreme court determined that because the mother failed to prove by a preponderance of the evidence that it was in the child’s best interest that the child’s surname not be that of the father, the child should bear the father’s surname. See Rice, 34 So.3d at 559 (¶ 16). In doing so, the supreme court noted that, in addition to conforming with applicable statutes on the topic, the decision also adhered to the Rules Governing the Registration and Certification of Vital Events by the Mississippi State Department of Health. Id. at 558-59 (¶¶ 11-12).
¶ 13. The statute cited by the supreme court in Rice is mandatory in nature, ordering that a child shall bear the surname of his or her father in the event a paternity form is completed. Miss.Code Ann. § 41-57-23(2). While the statute notes the rule may be altered by an affidavit signed by both parents indicating otherwise, the statute does not mandate that the rule must be altered in such an event. Id. Accordingly, changing a child’s surname to one other than the father’s surname when a paternity form has been properly executed is a discretionary, exceptional circumstance, while inclusion of the father’s surname otherwise is compulsory.
¶ 14. I fail to see how, under the present conditions, Powell effectively “waived” his right to have Carsyn’s surname as that of his own. Nowhere in any of the forms, statutes, or applicable rules does it state that execution of a name-verification form waives the father’s right to have the child’s surname as that of his own if he and the mother have executed a paternity form. In contrast, the statutes appear to compel inclusion of the father’s surname to the child as an inherent right given to the father and merely allows another surname based on the parties’ intent. It would be contrary to the purpose of the statute to infer that the right of a father to have his child bear his surname may be waived unintentionally after the father has acknowledged paternity and disputed the child’s maternal surname.
¶ 15. It is obvious that Powell did not understand the consequences of his signing the name-verification form at the hospital and did not intend for his child to bear Crawley’s surname instead of his. Powell was a minor at the time of the execution of these documents and was unaccompanied by a parent, guardian, or counsel when he signed the documents. We afford broad protections to persons under the age of twenty-one. We deem them without the maturity or experience level necessary to participate in such activities as consuming alcohol, entering into a *869 gambling institution, and purchasing real property. Hence, I cannot deem it just to allow a minor to waive parental rights without the assistance of counsel.
¶ 16. Additionally, it was Powell, not Crawley, who initiated the present suit to determine custody and child support. Powell clearly shows a desire to be a part of Carsyn’s life and a desire for her to bear his surname. Furthermore, since Powell filed this action only eight months after the child’s birth, Carsyn should suffer no adverse consequences as a result of the change. She is not of school age and likely does not yet know her surname. Likewise, Crawley has failed to show by a preponderance of the evidence that it is not in the best interest of Carsyn to bear her father’s surname. I find that the chancery court committed manifest error in denying Powell the right to have his child bear his surname. As such, I would reverse and render the judgment of the chancery court.
LEE, C.J., JOINS THIS OPINION. BARNES AND ROBERTS, JJ„ JOIN THIS OPINION IN PART.